Hall vs. Woodson, adm'r of Scott.

## HALL vs. WOODSON Adm'r of SCOTT.

1. Where the circuit court upon the last day of the term refused to enter upon the trial of a jury cause, and continued it, it is a discretion which the supreme court will not interfere with, if it is manifest that the party complaining sustained no injury.

2. Where the plaintiff paid money, in another State, for the use of the defendant, the jury may give the plaintiff interest according to the law of this State unless the defendant shows that the rate of interest in the State where the liability occurred is less.

## APPEAL from Jackson Circuit Court.

HAYDEN, for appellant.

ROBARDS, for appellee.

1. This court will not reverse the judgment of the circuit court because he granted a continuance to the plaintiff, at the March term, 1847. The oral affidavit made by consent on the last day of the term is not set forth, This court cannot undertake to say that the court committed such error, if any, in this as would justify a reversal of the final judgment. The cause, by consent, or at least without objection, was postponed until it was too late in the term to try it. The result of this course shows that the plaintiff had a good cause of action against the defendant, although the plaintiff did not show himself entitled to a continuance by bring-ing himself within the strict letter of the law; yet, it was a mere naked advantage, not calculated to secure to the defendant any right but to postpone the payment of a just debt. The defendant has lost nothing by the continuance. He had no witnesses—he never claimed that he had any whose testimony might be or was lost to him by the continuance. It is evident that the failure of the plaintiff to be in readiness for trial was for want of evidence—that sufficient diligence had not been used by him in procuring it; for this negligence he paid the costs of the continuance. Now, if it could appear manifest to this court, that the continuance caused an injury to the defendant, by a loss or deprivation of such evidence upon the trial as would have prevented the plaintiff from recovering judgment, then, I admit that it would be the duty of this court to prevent the negligence of the plaintiff in procuring his evidence, from working a hardship—a positive injury upon the defendant. But no such state of things appears to this court. It does not appear to this court that he suffered any thing except a delay in the trial of the cause. Suppose this court determines that plaintiff ought not to have had a continuance, will the suit be dismissed with the record before it which shows that he has a good cause of action, and upon which he has obtained a judgment, and put the plaintiff to a new suit to recover his debt? This would look more like increasing litigation than settling matters of legal controversy. I hold that it is not every error of the circuit court that will justify a reversal of its judgment by the supreme court. It is only such errors as operate hardships; prejudice rights, will justify the setting aside of judgments. Motions for continuance are addressed to the sound discretion of the court, and the supreme court will consider that discretion soundly exercised unless the record shows it otherwise. 3 Mo. Rep. 123; 5 Mo. Rep. 51, 519, 522; 8 Mo. Rep. 606.

2. The evidence fully sustains the verdict of the jury. There was no necessity to prove payment of the money by plaintiff, because defendant, when he was applied to for payment of the debt, expressly acknowledged the justness of the debt or part of it, and promised to pay the balance. This is sufficient to sustain plaintiff's action, and if he had really any off set, it was his duty to establish it.

3. The allowing of interest by the jury, at the rate of six per centum per annum, upon the

Hall vs. Woodson,- adm'r of Scott.

amount paid by the plaintiff was right and proper. If they were satisfied that the plaintiff paid the money, it was right that he should have interest upon it. The payment was made for the benefit of the defendant, and immediately became his debt and the withholding of it should be at the expense of legal interest. The verdict is for damages, and it is a discretion which juries have in such cases, in determining the damage sustained by the plaintiff, to allow interest as part of the damage. 1 Johnson Rep. 315; 1 Pickering, 118; 9 Pickering, 368; 1 Missouri Rep. 718; 4 Metcalf, 203.

Judge BIRCH, delivered the opinion of the court.

As the only points upon which the proceedings in this cause can properly be reviewed in this court, are those which were relied upon and presented in the court below in the motion for a new trial, the statement of the case need not, of course, extend beyond such of the facts belonging to it as apply to the points alluded to.

Those points were, that the circuit judge improperly granted the plaintiff a continuance, and that the jury found their verdict contrary to the evidence.

In relation to the first point, the material facts embodied in the bill of exceptions are, that when the cause was called for trial, on the fifth day of the September term of the circuit court in the year, 1846, the plaintiff having moved for a continuance, and the defendant at first requiring a written affidavit, the court gave time until the next morning to prepare and file one. It seems, however, that the parties subsequently agreed that a verbal oath might suffice in behalf of the application, if made on that day, but that no such oath was then made, nor was any affidavit filed on next day, or subsequently during the term; and the court proceeded on the morning of the sixth day to the trial of several other causes, which were set on the docket after the cause in question on the afternoon of the same day, the cause was again called, and the plaintiff again moved for a continuance, it having been again agreed that the reasons might be stated orally, under oath. The plaintiff being thereupon sworn, and rendering no sufficient reason for the continuance prayed for, and the defendant insisting upon a trial, the court nevertheless continued the cause, and proceeded with the docket, alleging as a reason for it, that as the plaintiff demanded that his case should be tried by a jury, the court would entertain no such causes on the afternoon of Saturday.

As the *applicant* for the continuance rendered no sufficient reason for it, the whole question concerns the competency of the *court* to continue it for the reason it has itself assigned.

That the circuit judges should possess some discretion in reference to the management and disposition of the business before them need not,

of course, be here argued. Such a discretion is often absolutely *necessary*, and consequently inherent, unless specifically inhibited, which is not pretended in the argument before us. We can well enough imagine, also, that the condition of the docket in this case may have suggested and justified a conformity to the greater necessity and propriety which existed for the more summary disposition of a number of cases less contested, where no jury was required, and where it might well enough have been imputed as a virtual delay of justice not to have heard them and rendered judgments. We feel consequently unauthorized from the record before us to impugn or otherwise question the discretion which seems to have been exercised by the court below—particularly as it is not pretended by the defendant that he was subsequently, upon the final trial, in any respect prejudiced or injured for the want of the testimony of witnesses which he had ready at the time of the continuance.

The second and only additional reason assigned below why this cause should be tried anew was, that the verdict of the jury was against the evidence—it being alleged in the motion that there was no testimony that the plaintiff's decedent ever paid the money sued for, for the defendant, and that even if he did, there was no evidence that by the laws of Kentucky, where it was alleged to have been paid, any interest would be allowed (as the jury allowed in this case) on such a payment.

We apprehend the preponderance of authority in such cases to be, that unless the defendant shows that the rate of interest in the State where the liability occurred is *less* than it is in the State where the remedy has to be sought, the jury will be justified in computing it according to the laws of the forum. As to the general proposition, it was determined in the case of Pease vs. Baber, (3 Caines, 266,) and has been since followed in all the American leading cases, that whether interest will be allowed at all or not, must depend upon the circumstances of the case—each one depending upon the justice and equity arising out of the peculiar circumstances. We apprehend it will scarcely be doubted that this is a case in which the defendant, if liable at all, is so liable, *ex aequo et bono*, to refund the interest as well as the principal.

Concerning the alleged misfinding of the jury upon the main point, as there was evidence from which they might find as they did, their province must of course, remain unusurped by this court, particularly after the judge who tried the cause, and who consequently heard the testimony, has declined to interfere.

The judgment of the circuit court is therefore affirmed.

Judges NAPTON and RYLAND, concurring—holding that the granting a continuance was not a matter of error.